(No. 75-CV-394 and 76-CV-504, Consolidated—

IN RE APPLICATION OF SUSAN PETERSON.

AND

IN RE APPLICATION OF ERNEST AND EDNA PETERSON.

*Opinion filed April 21, 1977.*

JOHN D. GOTTLICK, Attorney for Susan Peterson.

RON BLAIR, Attorney for Ernest and Edna Peterson.

WILLIAM J. SCOTT, Attorney General of Illinois; KENNETH G. MASON, Assistant Attorney General.

PER CURIAM.

This claim arises out of a criminal offense that occurred on November 6, 1974, at 8121 South Racine Avenue, Chicago, Illinois. Claimants in these consolidated actions seek compensation pursuant to the provisions of the "Crime Victims Compensation Act," Ill.Rev.Stat., 1973, Ch. 70, Section 71, et seq. (hereinafter referred to as the "Act").

The sole contested issue presented to the Court is to determine the identities of those entitled to compensation under the Act.

The facts, other than those relating to the issue of those entitled to compensation, are undisputed. It appears that on November 6, 1974, Roy S. Peterson, the crime victim, was found shot to death at the Circle Chevrolet car lot, 8121 South Racine Avenue, Chicago, Illinois. It appears that he leased guard dogs to Circle Chevrolet and was apparently making a security check on the lot when he was shot by a robber.

There is no evidence that the victim and his assailant were related or shared the same household.

Claimants have cooperated fully with law enforcement authorities to the best of their abilities.

As to the issue of who is entitled to benefits under the Act, it appears that Roy S. Peterson, the victim, married Karen D. Peterson on June 19, 1965. Two children were born of this marriage, namely, Lisa K. Peterson and Christian L. Peterson. This marriage was dissolved by divorce on April 12, 1969. This wife is remarried and her name is presently Karen D. Vitale.

On April 16, 1969, the victim was married to Marilyn A. Peterson. One child, namely Roy S. Peterson, Jr., was born of this marriage. This marriage was dissolved by divorce on July 19, 1974. Marilyn A. Peterson has not remarried.

On September 19, 1974, Roy S. Peterson was married to one Susan Gembara in Mexico. Susan Gembara received a Mexican divorce from her then husband on that same day. She was pregnant at the time of the marriage, and a son named Kristi Roy Peterson was born to her on February 9, 1975, after the crime victim's death on November 6, 1974. A copy of the birth certificate of Kristi Roy Peterson was introduced into evidence.

The victim's father and mother, Ernest and Edna Peterson, paid the sum of $1,904.30 for the funeral of decedent. A claim for this amount is presented to the Court of Claims under the consolidated claim entitled, *Ernest and Edna Peterson vs. State of Illinois,* No. 76-CV-504. A copy of the paid funeral bill was introduced into evidence.

From the evidence introduced at the hearing herein, the Court finds that the sum of $10,000, the maximum award allowable under the Act, should be entered in this cause.

The Court further finds that the Mexican divorce of the crime victim's third wife and her subsequent marriage to the crime victim in Mexico were valid and recognized under Illinois law.

The Court further finds that the award herein should be allocated as follows:

1. To Ernest and Edna Peterson, parents of the crime victim, the sum of One Thousand Nine Hundred Four and 30/100 ($1,904.30) Dollars, as reimbursement for the payment of the funeral bill for the deceased.

2. To Susan Peterson, the widow of the deceased, one-third (⅓) of the award herein, less the amount of the award to Ernest and Edna Peterson, and less attorney's fees, as hereinafter set forth.

3. To Lisa Peterson, a minor, child of Karen Peterson Vitale (Wife No. 1), one-fourth (¼) of two-thirds (⅔) of the remaining sum of Five Thousand Three Hundred Ninety-Seven and 14/100 ($5,397.14) Dollars, or One Thousand Three Hundred Forty-Nine and 28/100 ($1,349.28) Dollars.

4. To Christian Peterson, a minor, child of Karen Peterson Vitale (Wife No. 1), one-fourth (¼) of two-thirds (⅔) of the remaining sum of Five Thousand Three Hundred Ninety-Seven and 14/100 ($5,397.14) Dollars, or One Thousand Three Hundred Forty-Nine and 28/100 ($1,349.28) Dollars.

5. To Roy S. Peterson, Jr., a minor, child of Marilyn A. Peterson (Wife No. 2), one-fourth (¼) of two-thirds (⅔) of the remaining sum of Five Thousand Three Hundred Ninety-Seven and 14/100 ($5,397.14) Dollars, or One Thousand Three Hundred Forty-Nine and 28/100 ($1,349.28) Dollars.

6. To Kristi Roy Peterson, a minor, child of Susan Peterson (Wife No. 3), one-fourth (¼) of two-thirds (⅔) of the remaining sum of Five Thousand Three Hundred Ninety-Seven and 14/100 ($5,397.14) Dollars, or One Thousand Three Hundred Forty-Nine and 28/100 ($1,349.28) Dollars.

A petition for attorney fees, pursuant to Section 72 of the Act, has been filed by the Claimants' attorney. On consideration thereof, the Court finds that attorneys fees should be granted in this cause only for presentation of the claim of Susan Peterson, and that a fee in the amount of Three Hundred ($300) Dollars shall be charged against the award of Susan Peterson.

IT IS THEREFORE ORDERED that the sum of Ten Thousand ($10,000) Dollars is hereby awarded to the Claimants herein, to be paid and distributed as follows:

1. To Ernest and Edna Peterson, the sum of One Thousand Nine Hundred Four and 30/100 ($1,904.30) Dollars to reimburse them for payment of the deceased's funeral expenses.

2. To Karen Peterson Vitale, for the use and benefit of her minor child, Lisa Peterson, the sum of One Thousand Three Hundred Forty-Nine and 28/100 ($1,349.28) Dollars.

3. To Karen Peterson Vitale, for the use and benefit of her minor child, Christian Peterson, the sum of One Thousand Three Hundred Forty-Nine and 28/100 ($1,349.28) Dollars.

4. To Marilyn Peterson, for the use and benefit of her minor child, Roy S. Peterson, Jr., the sum of One Thousand Three Hundred Forty-Nine and 28/100 ($1,349.28) Dollars.

5. To Susan Peterson, for the use and benefit of her minor child, Kristi Roy Peterson, the sum of One Thousand Three Hundred Forty-Nine and 28/100 ($1,349.28) Dollars.

6. To Susan Peterson, the widow of the deceased, for her own use and benefit, the sum of Two Thousand Three Hundred Ninety-Eight and 58/100 ($2,398.58) Dollars.

7. To John D. Gottlick, Esq., attorney for Claimant Susan Peterson, the sum of Three Hundred ($300) Dollars.